UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | : | **FILED UNDER SEAL** |
| | : | |
| | : | No. 18MJ 1976 (SALM) |
| COUNTY OF HARTFORD | : | December 19, 2018 |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael P. Curran, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, having been duly sworn, do hereby state:

### I.   INTRODUCTION

1. I am a Special Agent (SA) with of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since 1998.

2. I am presently assigned to ATF's Hartford Field Office. Previously, I was employed as a SA with the U.S. Immigration and Naturalization Service for approximately two years. My responsibilities include investigating and enforcing the federal firearms laws. I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC), in Glynco, Georgia, from February 1998 to April 1998, where I received training and instruction as a SA, including firearms training, the execution of search and arrest warrants, investigative techniques, and legal instruction that covered Fourth Amendment searches and seizures. Subsequently, from March 1999 to July 1999, I attended specialized training known as New Professional Training (NPT) through ATF, at FLETC, where I received instruction in firearms technology and identification, firearms trafficking, explosives, and arson. In December 2004, I attended ATF's Advanced Undercover training class. During my career as a SA, I have

participated in the execution of numerous arrest warrants and search warrants. I have also made over 150 undercover purchases of narcotics and/or firearms as an undercover agent.

3. I am an investigative or law enforcement officer of the United States within the meaning if Title 18, United States Code, Section 2510(7) in that I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. 3. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of an arrest warrant and criminal complaint for the following individual:

a. **David McKemmie, Jr. ("McKemmie"),** date of birth October 10, 1988, for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm and ammunition).

4. Because this affidavit is submitted for this limited purpose, I have not included each and every fact known to me regarding this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to conduct the requested search.

## II.    PROBABLE CAUSE

5. There is probable cause to believe, and I do believe, that on or about December 19, 2018, **McKemmie** unlawfully possessed a firearm and ammunition as a felon in violation of Title 18, United States Code, Section 922(g) and 922(g)(1).

6. On December 18, 2018, United States Magistrate Judge Sarah A.L. Merriam signed two search warrants: (1) 61 Park Avenue, Windsor, Connecticut (the "TARGET PREMISES"); and (2) information associated with dmckemmie225@yahoo.com (the "TARGET ACCOUNT") stored at the premises controlled by Yahoo, 701 First Avenue, Sunnyvale, CA 94089.

7. On December 19, 2018, at approximately 6:20 a.m., law enforcement executed the search warrant at the TARGET PREMISES. At this time, law enforcement saw **McKemmie** in the rear of the residence. Law enforcement approached him, told him we were there to execute a search

warrant and as they were talking to him he fell to the ground and began stating that his life was over and he was going to jail for the ten years. Law enforcement secured him for officer safety and asked him if he had any medical issues. He did not answer. EMS was called and once he calmed down he agreed to speak with law enforcement.

8. Upon entry into the TARGET PREMISES, law enforcement encountered Frank Peters who was cooperative. During the initial sweep of **McKemmie's** bedroom law enforcement observed, in plain view, firearms parts and materials used in the construction of firearms, throughout the bedroom. Additionally, law enforcement observed an open case of ammunition on the bed. The case contained over 500 rounds of ammunition.

9. During the course of the continued search of **McKemmie's** bedroom, law enforcement located a black pelican case that contained nine handguns. Those nine handguns were:

   a. Sig Sauer, model p229, 9mm pistol bearing S/N AE32273;

   b. Ruger, Model LCPII, .380 auto pistol bearing S/N 380-116242;

   c. Polymer 80, 9mm pistol with no markings and attached auto switch ;

   d. Automatica Espanola, Model Buffalo, 9mm pistol, beating S/N 8249 ;

   e. Israeli Weapons Industry, Model Desert Eagle, .40 caliber pistol bearing S/N 36334956;

   f. Ruger, Model LC9, 9mm pistol with obliterated S/N;

   g. Sig Sauer, Model SP 2022, bearing S/N 24B103431;

   h. Polymer 80 9mm pistol Glock slide; and

   i. Polymer 80 9mm pistol with Rock slide.

10. Law enforcement also recovered two AR15 rifles and one AR15 pistol that had no markings.

11. A criminal history search shows he has a felony conviction for first degree Robbery, which is a felony and as a result cannot legally possess a firearm.

12. ~~None of~~ the ammunition and six of the handguns seized were not manufactured in the State of Connecticut and therefore traveled or moved in interstate or foreign commerce to arrive in Connecticut.

13. On the basis of the foregoing information, there is probable cause to believe, and I do believe that David MCKEMMIE unlawfully possessed a firearm and ammunition after being convicted of a felony offense, in violation of Title 18, United States Code, Section 922(g) and Section 922(g)(1).

*Michael P. Curran*
MICHAEL P. CURRAN
Special Agent, ATF

Subscribed and sworn to before me
this 19th day of December, 2018.

   /s/ Sarah A. L. Merriam, USMJ
SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE